The TRAVELERS INSURANCE COMPANY
et al., Appellants,

v.

James O. HAYES et al., Appellees.

Court of Appeals of Kentucky.

Oct. 7, 1966.

Rehearing Denied Jan. 27, 1967.

Lloyd Cardwell, Stites, Peabody & Helm, Louisville, for appellants.

John E. Wise, Louisville, for appellees.

PALMORE, Chief Justice.

The appellee Hayes filed a workmen's compensation claim naming Marvin Lewis as "Employer-Defendant." In the body of the application he gave the name of the employer's insurer as "Travelers Insurance Company." The proceeding before the Workmen's Compensation Board culminated in a dismissal of Lewis and an award against The Travelers Insurance Company (hereinafter called Travelers) and its insured, Cement Transport, Inc. (hereinafter called CT). The latter two companies, having never been made parties defendant by designation of the claimant in his application or by any specific order of the Board, appeal from a judgment of the Jefferson Circuit Court sustaining the award against them.

CT is a common carrier which transports cement for Kosmosdale Portland Cement Company. It owns the trailer portions of tractor-trailers and contracts with numerous owner-operators of tractor units to haul the cement in its trailers. Under these contracts, called lease agreements, the owner-operator furnishes his truck and a driver and pays all costs of maintaining and operating the truck. The owner-operator hires the driver and pays his wages, making the required deductions for taxes and social security. The hiring and continued employment of any driver by the owner-operator is subject to CT's approval. CT directs the driver where to go and when to get there with its trailer. CT carries liability insurance covering all these operations. It carries workmen's compensation insurance with Travelers, deducting premiums from the contract amounts payable by it to the owner-operators and remitting them to Travelers. Lewis is one of CT's owner-operators under this arrangement. He has less than three employes, and there is nothing in the record to suggest that he has voluntarily elected to come under the Workmen's Compensation Act as an employer. Cf. KRS 342.005(1) and (4). CT informs the owner-operators as to the name of the compensation carrier, and Lewis had been so informed that Travelers was his insurer.

Hayes, the claimant, had once been one of CT's owner-operators, and had then worked for a time as a driver for one Bragg, another owner-operator for CT. While driving for Bragg he suffered a back injury and was awarded compensation for 30% permanent partial disability. Afterward CT employed him one winter as a dispatcher, and then he drove for several other owner-operators when the particular jobs did not require any manual handling of the cargo by the driver. On the night before the accident that precipitated the instant claim, Lewis telephoned Hayes and asked him to pull a loaded trailer to Indianapolis the next morning. Lewis had not theretofore used Hayes as a driver, so he cleared the employment with a responsible representative of CT.

The accident and injury occurred on October 10, 1963, while Hayes was preparing to leave CT's premises for Indianapolis. It was immediately reported to CT, and CT made out and submitted to Travelers an "Employer's First Report of Injury," copy of which was transmitted by Travelers to the Workmen's Compensation Board. As we have indicated, however, when Hayes' application for compensation was prepared, only Lewis was designated thereon as the employer-defendant.

The claim was filed on November 17, 1963. In due course the Board issued notice that the matter was set for hearing on February 13, 1964. Copies of the notice were sent to Travelers, Lewis, Hayes, and Hayes' attorney, but not to CT. On January 17, 1964, Hon. Lloyd Cardwell, counsel for Travelers, filed with the Board a motion that the name of Travelers as the employer's insurer be stricken from the body of the claim. In this motion it was stated that by inadvertence, and under the misapprehension that CT was the defendant and Hayes its employe, Mr. Cardwell had notified the Board, CT, and Hayes' attorney that he would represent the defendant in the proceeding. At the time of the hearing on February 13 this motion had not been acted upon, so Mr. Cardwell appeared and took part in the hearing in behalf of Travelers, but without waiving the pending motion.

On March 4, 1964, the Board entered an order passing Travelers' motion to the merits, whereupon Hayes promptly filed a motion urging the Board to hold a hearing and make an immediate determination of whether Travelers was exposed and was a proper party defendant. This motion was summarily overruled, and on its next notice of hearing the Board designated CT and Lewis in the caption as the parties defendant and listed both CT and Travelers among the parties to be served copies of the notice. Thereafter, Mr. Cardwell participated in the proceedings as counsel for Travelers and for CT, although on at least one occasion Hayes objected to one of his motions on the ground that Travelers was not a party to the litigation, and at another time his attorney remarked that "Travelers is not being sued." .

After the evidence was in, the Board found Hayes to be 50% permanently disabled, attributing 30% to the previous injury and 20% to the accident of October 10, 1963, and entered an award against CT and Travelers based on 20% permanent partial impairment. It held that under the circumstances of the case Hayes

was an employe of CT and that even though he had not formally amended his claim for the purpose of joining them as defendants, by their participation in the proceedings CT and Travelers had effectually made themselves parties. These two legal conclusions present the first questions raised by the appeal to this court.

■ We do not have the advantage of any precedents in this jurisdiction to assist us in resolving the procedural problem, nor are we satisfied with the strictly technical approach reflected by the outside authorities cited by CT and Travelers. Had this been an action tried in a court of law instead of a proceeding by an administrative tribunal we should not hesitate to say that the procedure was insufficient to render CT and Travelers amenable to a judgment. Above and beyond the bare necessities of notice and a reasonable opportunity to hear and be heard, the Rules of Civil Procedure demand a certain degree of formal regularity. But so long as a defendant covered by the Workmen's Compensation Law has enough notice and opportunity to defend itself to satisfy constitutional guaranties of due process, the remaining area of procedural housekeeping lies within the province of the legislature and the Board.

KRS 342.260(2) provides in part as follows: "Processes and procedure under this chapter shall be as summary and simple as reasonably possible." Though we doubt that the legislature had in mind quite the degree of informality which seems to have prevailed in this particular instance, yet if the Board was satisfied with it we do not feel obliged to intrude beyond the limits of the constitutional point.

■ From a practical standpoint there is no doubt that the interests of CT and Travelers in this case were one and the same and that Mr. Cardwell represented both of them. When he asked the Board to rule that Travelers was not in the case, its refusal to do so was tantamount to a ruling that unless and until the Board

should decide otherwise, Travelers was in. The community of interest between CT and Travelers, the Board's subsequent designation of CT as a defendant in the caption of its notices, and the receipt by CT of copies thereof directed to it were sufficient to apprise CT that it was being treated as a party. And indeed it could scarcely be denied that a hint to the wise proved sufficient, because the interests of both CT and Travelers were thenceforth in fact pursued and protected by the continued participation of their counsel in the proceeding. It is our conclusion that they had sufficient notice and opportunity of defense to satisfy any objection that might otherwise be addressed against this unorthodox procedure on purely constitutional grounds.

■ CT and Travelers argue further that if they were parties they did not become so until October 13, 1964, the date of the Board's opinion and award, at which time the statute of limitations had run. Cf. KRS 342.185. Our viewpoint is that they became parties when they were on sufficient notice to defend themselves, and it is unnecessary to determine at precisely what point or points in time this occurred, because in any event, it was during the early stages of the proceeding and well before October 10, 1964.

■ It is insisted by CT and Travelers that Lewis was an independent contractor and not an employe of CT, in which event, of course, neither could Hayes have been CT's employe. See, for example, Reardon v. Southern Tank Lines, Inc., Ky., 346 S.W.2d 527 (1961), in which the formal contractual arrangement between the shipper and the owner-operators was closely similar to the one in this case. There are, however, some differences between the two controversies. For one thing, in *Reardon* the written contract was in the record; here it is not. In *Reardon* the contract specified that the owner-operator must carry workmen's compensation insurance on his employes, and it made no provi-

sion for coverage of the owner-operator himself. We do not know what CT's written contract says, but regardless of what it says, we do know from the evidence what is done in fact. Actual practice sometimes belies what is written in a contract, and for that reason no inquiry into the relationship between the parties can begin and end with the reading of the words. Cf. Brewer v. Millich, Ky., 276 S.W.2d 12, 16 (1955); Coleman v. Baker, Ky., 382 S.W.2d 843, 846 (1964). So, regardless of the formal agreement, we have a situation in which CT, after contracting that certain specific controls and responsibilities that normally reside in management shall rest with Lewis, nevertheless retains the final say on whom he may hire and shall fire, tells him he is covered by workmen's compensation insurance and, though it is ultimately deducted from his checks, actually does pay Travelers for the coverage. If Lewis was not an employe of CT, why did CT see that he was covered and why did Travelers accept the coverage? Could CT treat Lewis as an employe in event of an injury to himself but an independent contractor in event of an injury to his driver? We think not. In our opinion the Board's finding that he was an employe was correct. It follows that Hayes, whom he hired with CT's approval, also was an employe of CT. See Brewer v. Millich, Ky., 276 S.W.2d 12 (1955); Cutshin Coal Company v. Campbell, Ky., 309 S.W.2d 39 (1958).

No doubt the strategy by which truck drivers are transmogrified into the paper image of independent contractors was designed to shy away from consequences other than the applicability of the Workmen's Compensation Law. Be that as it may, the liberal policy of this law is such that some who might not be so regarded in strict legal tradition are nonetheless held to be employes. Brewer v. Millich, Ky., 276 S.W.2d 12, 15 (1955). This opinion, therefore, is confined to the status of the parties for the purposes of workmen's compensation.

The case must be reversed on other grounds. On March 5, 1964, counsel for Hayes gave notice of a deposition to be taken from Dr. James W. Bryan on March 9, 1964. Only the defendant Lewis was served with a copy. Mr. Cardwell did not receive the notice and did not appear. Later, he moved to strike the deposition, but the Board passed the motion to the merits and never did rule on it. Though it might have been more appropriate for counsel to move for leave to cross-examine the witness rather than strike the testimony given on direct, certainly his motion was sufficient to bring the circumstances to the attention of the Board and to indicate the indispensability of remedial action. As it is, the deposition became a part of the record submitted for the Board's consideration without any opportunity of cross-examination. Obviously this was an error. Dr. Bryan having testified that Hayes is totally and permanently disabled, it is equally plain that the error was prejudicial.

During the course of the proceeding before the Board the defendants moved that some of the testimony taken in Hayes' earlier case against Bragg, his former employer, be made a part of the record in this case because of the relationship between his latest injury and pre-existing condition. The Board responded by an order consolidating the entire records of the two proceedings but then, in its opinion and award entered several months later, determined that the Bragg record was not necessary to its findings in the instant case and set aside the order of consolidation. The Bragg record being thus eliminated, we are unable to evaluate the evidence in it on which the appellants intended to rely. For the same reason we cannot say whether the action of the Board in this respect was prejudicial. However, as the cause is being reversed on the ground heretofore discussed, the matter may be re-opened.

Upon remand of this controversy further proceedings before the Board shall be confined to supplementation as follows:

If Dr. Bryan is available, CT and Travelers should be given the opportunity of cross-examination; if not, his deposition should be stricken with leave given Hayes to take the deposition of another physician. To the extent it is competent and relevant, the testimony from the Bragg record heretofore designated in the motion for its inclusion as a part of this record shall be so included.

The cause is reversed and remanded for further proceedings before the Workmen's Compensation Board consistent with this opinion.